RECEIVED
JUL 08 2015
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sylvester O. Iheanacho, D/b/a KTC Transportation Company (Successor in interest to KTC Transportation Company, Inc) and KTC Transportation Company, Inc. <br> Plaintiffs, <br> Vs. <br><br> Darron C. Knutson <br> D/b/a Darron C. Knutson <br> Attorney at Law <br> Defendant. | Type: Civil Action <br> File No. <br> Case: Legal Malpractice Negligence in Conducting Litigation <br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** <br><br> 15cv3014 ADM/SER |

## A. PARTIES

1.  Plaintiffs Sylvester O. Iheanacho is a citizen of North Carolina, United States and individual d/b/a KTC Transportation Company (Successor in interest to KTC Transportation Company, Inc ) and KTC Transportation Company, Inc was a corporation that is organized under the laws of the state of North Carolina. The Plaintiff has its principal place of business in Charlotte, the State of North Carolina other than the State of Minnesota where the suit is filed.

2.  Defendant is Darron C. Knutson, d/b/a Darron C. Knutson, Attorney at Law, a licensed attorney in the State of Minnesota. The Defendant's principal place of business is located at 140 Bassett Creek Business Center, 901 North Third Street, Minneapolis, MN 55401-1001

## B. JURISDICTION

3.  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a) (1) because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

SCANNED
JUL 08 2015
U.S. DISTRICT COURT ST. PAUL


## C. CONDITIONS PRECEDENT

4. All conditions precedent has been performed including serving the Notice for Discovery of Defendant Policy Coverage.

## D. FACTS.

5. Plaintiff, complaining of the defendant, by his attorney, Christopher O. Obasi, Esq. and as a verified complaint hereinafter, upon information and belief, and at all times hereinafter mentioned, alleges as follows:

6. That the plaintiffs, Sylvester O. Iheanacho is a citizen of North Carolina and individual d/b/a KTC Transportation Company (Successor in interest to KTC Transportation Company, Inc) and KTC Transportation Company, Inc (herein after "Plaintiffs") are residence of County of Mecklenburg, State of North Carolina.

7. The Defendant, Darron Knutson, is a licensed to practice law in the State of Minnesota.

8. That on or about June 28, 2013 Darron Knutson Esq., held himself out to the public in general, and plaintiffs herein in particular, as a duly licensed attorney with office located at 140 Bassett Creek Business Center, 901 North Third Street, Minneapolis, MN 5540.-

9. That on or about June 28, 2013 Plaintiffs consulted with defendant Darron Knutson, in the defendant's office with regarding breach of contract, negligence, conversion and commercially unreasonable disposition of collateral in connection with lease of three buses in the matter between Iheanacho v. ABC Bus Leasing, Inc. in which the Plaintiffs sought damages against ABC Bus Leasing Inc. for removing the three leased buses claiming Plaintiffs owe payment.

10. That Plaintiffs on or about June 28, 2013 Plaintiffs retained the defendant, Darron Knutson at which time defendant Knutson requested and received the Plaintiffs signature on a retainer agreement providing defendant Knutson, with a one-third (1/3) contingency fee of net recovery. The retainer agreement states that plaintiffs would be responsible for cost and demanded together with the signed copy of the agreement a check for $2,000.00 for out-of-pocket incurred cost.

11. That the agreement demands that Plaintiff would send another $2,000.00 to be deposited in the Defendant's trust account each time the funds fall below $500.00.

12. That as a result of the aforementioned, an attorney-client relationship was created between Plaintiffs Sylvester O. Iheanacho is a citizen of North Carolina and individual d/b/a KTC Transportation Company (Successor in interest to KTC Transportation Company, Inc ) and KTC Transportation Company, Inc (herein after "Plaintiffs") are reside of County of Mecklenburg, State of North Carolina and the Defendant, Darron Knutson, is a licensed to practice law in the State of Minnesota on June 28, 2013

13. That out of this attorney-client relationship, the defendant was to represent Plaintiff in litigation against ABC Leasing Company Inc, for breach of contract, negligence, conversion and commercially unreasonable disposition of collateral in connection with lease of three buses.

14. That as a result of the attorney-client- relationship, defendant Knutson had a duty to represent Plaintiffs with the reasonable care, skill and diligence as ordinary possessed and exercised by other attorneys in the community.

15. That on or about May 25, 2012 Plaintiffs filed the case in the state of North Carolina and later it was transferred to Minnesota at the election of the Defendant ABC.

16. That on or about August 29, 2013 the United States District Court on August 29, 2013 issued a pretrial Scheduling Order including in this order is disclosure of the identity of expert witness under Rule 26(a) (2) (A) and the full disclosure required by Rule 26(a) (2) (B), accompanied by the written report prepared and signed by the expert witness with deadlines when the report shall be served upon parties.

17. That the same scheduling order presented June 1, 2014 as the deadline when all expert discovery of any kind shall be commenced in time to by this date.

18. That on or about August 18, 2014, the defendant ABC Bus Leasing Inc., filed for summary judgment demanding the Court to dismiss the plaintiffs' entire case citing that "Plaintiffs allegation requires expert testimony because the alleged accounting errors are too complex for jury to understand without assistance;" that the Court should grant the defendant's summary judgment because Plaintiffs proposed expert testimony is not admissible.

19. That the Court should dismiss the Plaintiffs' case because the expert "testimony should be excluded because the disclosures do not conform to Rule 26."

20. That the Court should dismiss the Plaintiffs' case because the expert "testimony is inadmissible because the witness are not qualified expert."

21. That the Court should dismiss the Plaintiffs' case because the expert "testimony is inadmissible because it is unreliable."

22. That "Without expert testimony, these claims necessarily fail."

23. The defendant responded to Defendant ABC Bus Leasing Inc summary judgment motion. However the Court agreed with the Defendant ABC Leasing Inc.

24. That the Court on or about February 12, 2015 specifically noted that Plaintiff brought the lawsuit against ABC for wrongful repossession of the buses; and that the evidence in the case is nightmarishly complicated because of the multiple leases, the many late and partial payments, the refinancing agreement, and ABC byzantine accounting system.

25. The Court noted that parties seems to agree that expert testimony would be necessary for jury to determine whether Iheanacho was in default and no mixing word the Court literarily echoed that "That is certainly the Court' opinion."

26. The Court continued to add that Plaintiffs "Iheanacho has no expert testimony that he was not in default.

27. That the Iheanacho did not hire an accountant, and the accountant did not submit a report, that "the accountant merely opined that ABC had failed to properly credit certain payment made by Iheanacho."

28. Furthermore, the Court added that Iheanacho's attorney, the defendant in this action "conceded at oral argument, the accountant expressed no opinion about whether or when Iheanacho was in default or about whether Iheanacho had fully paid for the buses at the time that ABC repossessed them."

29. The Court equally noted the Defendant Attorney Knutson "conceded at oral argument that, if Iheanacho cannot recover on the contract claim, he cannot recover on any of his other claims: thus on February 12, 2015 the Court granted summary judgment to ABC Leasing Company Inc and dismissed the rest of Plaintiffs claims with prejudice on the merits.

### E. Count I Negligence

30. The Defendant Knutson at no time deposed anyone or any of the ABC Bus Leasing Company Inc employees or properly identifies an expert per Rule 26 through that litigation.

31. That the defendant Knutson failure to properly identify expert {actually conceding that expert testimony would be necessary for the jury to determine whether Plaintiff was in default} under the Court Pretrial Scheduling Order and under applicable Rule 26, was in breach of defendant's duty to exercise reasonable care, skills and diligence.

32. That as a result of the defendant Knutson's breach of duty to Plaintiffs, Plaintiffs sustained and incurred monetary damages and loss; to wit, the verdict, settlement or award and the interest which would have been recovered by the plaintiff, Iheanacho, but for the defendant's Knutson, negligence.

33. That the damages sustained by the Plaintiffs were proximately caused by the defendant's breach of duty as hereinbefore set forth in detail without any negligence contributing thereto on the part of the Plaintiffs.

### G. Damages

34. That solely by reason of the forgoing negligence of the defendant, Knutson, Plaintiffs has been damaged in the sum more than Seventy-five Thousand Dollars($75,000.00) plus the cost and disbursements of this suit herein and for such other and further relief as this court may deem just and proper.

## H. Prayer

WHEREFORE, Plaintiff demand judgment against the defendant, Knutson for:

1. Actual damages in the sum of more than Seventy-five Thousand Dollars ($75,000.00) ;

2. The cost of the suit incurred herein; and

3. For such other relief as the court may deem just and proper.

Dated: July 8 2015

_____
Christopher O. Obasi, ID#296223
5740 Brooklyn Boulevard, Suite 220
Brooklyn Center, MN 55429
763-560-8417
Fax: 763-560-8420
E-mail: Christopher.basi0007@gmail.com
Attorney for Plaintiffs

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.21, SUBD. 2

I hereby acknowledge that, pursuant to Minn. Stat. § 549.21, Subd. 2, costs disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find I acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

_____
Christopher O. Obasi, Id#296223

STATE OF NORTH CAROLINA      )
                             ) ss: **Sylvester O. Iheanacho**
COUNTY OF MECKLENBURG        )

I, Sylvester O. Iheanacho, being first duly sworn on oath, deposes and says that I am one of the Plaintiffs in this joint foregoing action, that I have read the foregoing Summons and Complaint and knows the content thereof, and that the matters therein stated are true to my own knowledge, except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

_____
Sylvester O. Iheanacho

Subscribed and sworn to before me this 3rd day of July, 2015.

_____
Notary Public

DIANE L MONSON
Notary Public
Minnesota
My Commission Expires January 31, 2020

8